**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4077

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOMMY RICE,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Margaret B. Seymour, District Judge.  (CR-01-887)

---

Submitted:  August 13, 2004          Decided:  September 9, 2004

---

Before WILKINS, Chief Judge, TRAXLER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Rodney W. Richey, RICHEY & RICHEY, P.A., Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tommy Rice appeals following a remand to the district court for resentencing. Because the district court complied with our mandate and we find no reversible error, we affirm.

Rice was convicted of one count of aiding and abetting the possession with intent to distribute and the distribution of fifty grams or more of crack cocaine in violation of 18 U.S.C. § 2 (2000) and 21 U.S.C. § 841(a)(1) (2000), for which he received a sentence of 293 months in prison. Rice appealed, contending that the evidence was insufficient to sustain his conviction and that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government cross-appealed, arguing that the district court erred in declining to impose the statutorily mandated sentence of life imprisonment. We affirmed Rice's conviction, but vacated his sentence and remanded for resentencing to the required term of life imprisonment. United States v. Rice, No. 02-4673, 2003 WL 22383727 (4th Cir. Oct. 20, 2003) (unpublished).

Upon remand, the district court resentenced Rice to life imprisonment. Rice now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the sentence of life imprisonment is constitutionally disproportionate to Rice's offense conduct, but stating that there are no meritorious grounds for appeal. Rice was advised of his

right to file a pro se supplemental brief, but declined to file one.

Under the mandate rule, consideration of the proportionality of Rice's sentence is foreclosed because this issue was decided in the original appeal. <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993). We accordingly decline to address the issue because it is not properly before us.

We therefore affirm. Within the constraints of the mandate rule, we have, as required by <u>Anders</u>, reviewed the record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Rice requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>